UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | MAGISTRATE NO. 20-MJ-080 |
| | : | |
| JAMAL GILMORE, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendant. | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | 18 U.S.C. § 1201(a)(1) |
| | : | (Kidnapping) |
| | : | 18 U.S.C. § 2119(1) |
| | : | (Carjacking) |
| | : | 18 U.S.C. § 924(c)(1)(A)(ii) |
| | : | (Using, Carrying, Possessing, and |
| | : | Brandishing a Firearm during a Crime |
| | : | of Violence) |
| | : | 22 D.C. Code § 402 |
| | : | (Assault with a Dangerous Weapon) |
| | : | 22 D.C. Code §§ 405, 4205 |
| | : | (Assault on a Police Officer While |
| | : | Armed) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |

INDICTMENT

Case: 1:20-cr-00095
Assigned To : Judge Royce C. Lamberth
Assign. Date : 6/30/2020
Description: INDICTMENT (B)

The Grand Jury charges that:

COUNT ONE

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2005-FEL-003447,

did unlawfully and knowingly receive and possess a firearm, that is, a Kel-Tec PF-9, .9mm caliber semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, .9mm caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, did unlawfully and willfully seize, confine, kidnap, abduct, inveigle, carry away, and hold W.C. for ransom, reward, or other reason, to wit, conveying him, and, in committing or in furtherance of the commission of the offense did willfully transport W.C. in interstate commerce from the District of Maryland to the District of Columbia.

(**Kidnapping**, in violation of Title 18, United States Code, Section 1201(a)(1))

## COUNT THREE

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, did unlawfully and willfully seize, confine, kidnap, abduct, inveigle, carry away, and hold M.W. for ransom, reward, or other reason, to wit, conveying him, and, in committing or in furtherance of the commission of the offense did willfully transport M.W. in interstate commerce from the District of Maryland to the District of Columbia.

(**Kidnapping**, in violation of Title 18, United States Code, Section 1201(a)(1))

**COUNT FOUR**

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, took a motor vehicle, to wit: a 2013 Ford UHAUL truck bearing Arizona license plate number AE90846 and vehicle identification number 1FDXE4FS2DDB09960, that had been transported, shipped, or received in interstate commerce, from the person or presence of W.C., by force, violence, and intimidation, with the intent to cause death or serious bodily harm.

(**Carjacking**, in violation of Title 18, United States Code, Section 2119(1))

**COUNT FIVE**

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, did unlawfully and knowingly use, carry, and brandish, during and in relation to, and possess a firearm in furtherance of, a crime of violence, for which he may be prosecuted in a court of the United States, that is, Carjacking, as alleged in Count Four of this indictment.

(**Using, Carrying, Possessing, and Brandishing a Firearm during a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii))

**COUNT SIX**

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, assaulted K.H. with a dangerous weapon, that is, a firearm.

(**Assault with a Dangerous Weapon**, in violation of Title 22, District of Columbia Code, Section 402 (2001 ed.))

**COUNT SEVEN**

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, assaulted S.H. with a dangerous weapon, that is, a firearm.

(**Assault with a Dangerous Weapon**, in violation of Title 22, District of Columbia Code, Section 402 (2001 ed.))

## COUNT EIGHT

On or about May 2, 2020, within the District of Columbia, **JAMAL GILMORE**, assaulted W.H. with a dangerous weapon, that is, a firearm.

(**Assault with a Dangerous Weapon**, in violation of Title 22, District of Columbia Code, Section 402 (2001 ed.))

## COUNT NINE

On or about May 2, 2020 within the District of Columbia, **JAMAL GILMORE**, while armed with a firearm, without justifiable and excusable cause, did assault Officer Seth Crane a law enforcement officer operating in the District of Columbia, knowing Officer Seth Crane to be a law enforcement officer, while Officer Seth Crane was engaged in and on account of the performance of his official duties, and **JAMAL GILMORE** committed a violent act that created a grave risk of significant bodily injury to Officer Seth Crane.

(**Assaulting a Law Enforcement Officer While Armed (Felony)**, in violation of Title 22, District of Columbia Code, Sections 405(c), 4502 (2001 ed.))

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Count One and Two of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to a Kel-Tec PF-9, .9mm caliber semi-automatic pistol and .9mm caliber ammunition.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   (a)   cannot be located upon the exercise of due diligence;

4

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property that cannot be subdivided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*[signature]*
Attorney of the United States in
and for the District of Columbia.